IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THE PROPRIETORS OF STRATA PLAN NO. 36, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )      No. 1:09-cv-550 (AJT-TRJ) |
| | ) |
| CORAL GARDENS RESORT MANAGEMENT, LTD., *et al.*, | ) ) |
| | ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Vacate Entry of Default

Against Defendants Coral Gardens Resort Management, Ltd and Ron Karnehm and to Dismiss

All Counts of the Complaint Against All Defendants on Grounds of Lack of Personal

Jurisdiction and Forum Non Conveniens.[1]  For the reasons stated below, the Court lacks personal

jurisdiction over the Defendants and Defendants' Motion to Dismiss is granted.

## I.    BACKGROUND

Plaintiff The Proprietors of Strata Plan No. 36 ("Strata") filed this action on May 15,

2009 against Defendants Coral Gardens Resort Management, Ltd. ("CGRM"), Ron Karnehm,

and various John and Jane Does and unnamed companies.  On July 31, 2009, Strata filed an

amended Complaint.  The amended Complaint names Bev Karnehm and Leann Karnehm as

---

[1] On July 15, 2009, a default was entered against CGRM in this action.  On July 31, 2009, Strata requested an entry of default as to Ron Karnehm.  Also on July 31, 2009, Strata filed an amended Complaint.  On September 3, 2009, the entry of default against CGRM was vacated.  Strata's July 31, 2009 request for an entry of default as to Ron Karnehm has been rendered moot by the filing of the Amended Complaint.  Accordingly, the default issues raised in this motion are also moot.

additional defendants (all defendants collectively, hereinafter, "Defendants"). Strata asserts two counts against Defendants: (1) false designation of origin and false description and representations in commerce of Defendants' properties, and the use of Strata's trademark in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (2) infringement of registered trademark. Strata seeks injunctive relief, an order transferring all rights in the domain name "coralgardens.com" and any other domain names owned or controlled by Defendants that include the name "Coral Gardens," costs, and attorneys fees.

Strata is a Turks and Caicos corporation with its principal place of business in Turks and Caicos. Compl. at ¶ 2. Strata is a "statutory body corporate" with the powers, rights, and duties of a company. *Id.* at ¶ 9. It is comprised of individual condominium units and runs a condominium project in Turks and Caicos which has, since its inception, been known as "Coral Gardens." *Id.*

Defendant Ron Karnehm is the original developer of "Coral Gardens" and the owner of CGRM, which was formerly known as White House Condominium Management, Ltd. Compl. at ¶ 10. Defendants were at one time the managers of Strata. Mem. in Opp. at 6.

At some undefined point in time, Strata realized that CGRM and Ron Karnehm were improperly utilizing and converting Strata and rental management funds for their own benefit. Mem. in Opp. at 7. It also became known that Ron Karnehm had developed another tract of land near Coral Gardens but unrelated to Coral Gardens named Reef Residences. Reef Residences is less desirably located than Coral Gardens. *Id.* Defendants were advertising Reef Residences as phase 3 of Coral Gardens and improperly tying it to Coral Gardens. *Id.* Defendants were eventually terminated as managers of the Strata and as rental managers for most of the individual owners' units. *Id.* at 8.

2

Strata applied for a trademark for the name "Coral Gardens" in Turks and Caicos. Compl. at ¶ 11.  Defendant Ron Karnehm and White House Condominium Management, Ltd. challenged the trademark in the courts of Turks and Caicos.  On August 14, 2007, the Court of Appeals for the Turks and Caicos Island awarded the "Coral Gardens" trademark to Strata.  *Id.* at ¶ 11.  On December 16, 2008, the United States Patent and Trademark Office issued Strata a trademark for "Coral Gardens."  *Id.* at ¶ 12.

On September 2, 2009, Defendants filed a motion to dismiss the amended Complaint for lack of personal jurisdiction and *forum non-conveniens*.  Plaintiff filed an opposition to which Defendants replied, and a hearing was held on September 25, 2009.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks personal jurisdiction.  The plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is challenged by the defendant.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Jones v. Frazier*, No. 1:09-cv-513, 2009 WL 2601355, at *3 (E.D. Va. Aug. 18, 2009).  If, however, as is the case here, the court decides the jurisdictional question based solely on the motion papers, supporting legal memoranda, and the relevant allegations of the complaint, the plaintiff need only prove a *prima facie* case of personal jurisdiction.  *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993); *Jones*, 2009 WL 2601355, at *3.  In deciding whether the plaintiff has proved a *prima facie* case, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."  *Combs*, 886 F.2d at 676.

## III. ANALYSIS

**A.    Personal Jurisdiction**

Defendants argue that the claims against them must be dismissed because Strata has not

alleged facts sufficient to establish personal jurisdiction.  In response, Strata must establish at

least a *prima facie* case of personal jurisdiction and may do so over a foreign non-resident

defendant in one of two ways.  First, Strata may establish personal jurisdiction over Defendants

under the Virginia long-arm statute.  If the court finds that the long-arm statute does not

authorize the court to exercise personal jurisdiction, then, and only then, the court will determine

whether personal jurisdiction may be conferred under Fed. R. Civ. P. 4(k)(2).  *CFA Institute v.*

*Institute of Chartered Financial Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009).

**1.    Personal Jurisdiction Under The Virginia Long-Arm Statute**

To determine whether personal jurisdiction over a non-resident defendant exists, the

Court must engage in a two-part analysis.  First, the Court must determine whether Virginia law

authorizes jurisdiction.  Next, the plaintiff must establish that the defendant has "certain

minimum contacts with [Virginia] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice," so that personal jurisdiction over the non-

resident defendant comports with the due process requirements of the Fourteenth Amendment to

the United States Constitution. *Consulting Eng'rs Corp. v. Geometric, Ltd.*, 561 F.3d 273, 277

(4th Cir. 2009); *Wolf v. Richmond County Hosp. Auth.*, 745 F.2d 904, 909 (4th Cir. 1984).

Under the Due Process framework, a non-resident defendant may be subject to either

general or specific jurisdiction.  To establish general jurisdiction, the defendant's activities must

be "continuous and systematic" in the state and the plaintiff must demonstrate "fairly extensive"

minimum contacts with Virginia. *Nichols v. CD. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir.

1993); *Flexible Benefits Council v. Feltman*, No. 1:08-cv-371, 2008 WL 2465457, at *3 (E.D.

Va. June 16, 2008); *Jones*, 2009 WL 2601355, at *2.  Specific personal jurisdiction exists when

a defendant "purposefully directed his activities at the residents of the forum" and the plaintiff's

causes of action "arise out of those activities."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

472 (1985).  Under Fourth Circuit law, in determining whether specific jurisdiction should be

asserted, a court should consider: "(1) the extent to which the defendant purposefully availed

itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise

out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction

would be constitutionally reasonable."  *Consulting Eng'rs Corp.*, 561 F.3d at 278 (internal

quotations omitted).

Strata has alleged the following additional facts in both the Complaint and the opposition

to the motion to dismiss that form the basis for Strata's argument that the court may exercise

personal jurisdiction over defendants.  These are:

1.     Defendants registered the domain name "coralgardens.com" with Network

Solutions, located in Herndon, Virginia, in 1998.  *Id.* at ¶ 6; Mem. in Opp. at 3, 8; Affidavit of

Mike Revell at ¶ 13.  The domain named remained registered in Virginia until April, 2009, when

Defendants became aware of the lawsuit that Strata planned to file, at which time Defendants

transferred the registry to Canada.  Mem. in Opp. at 3–4, 8; Affidavit of Brian J. Rayment, ¶¶ 3,

5.

2.     Currently, Defendants advertise on the coralgardens.com website, which provides

a toll-free number to call from the United States and Canada "inviting and accepting business

from the United States, including the Commonwealth of Virginia."  Mem. in Opp. at 7; Affidavit

of Mike Revell at ¶ 6.

3.      Defendants have contracted to sell units at Coral Gardens in Virginia, have contracted to lease units at Coral Gardens in Virginia and have, this year, offered to contract with a Virginia resident, Mike Revell, to lease his unit at Coral Gardens. Mem. in Opp. at 4–5; Affidavit of Mike Revell at ¶ 2.

4.      Defendants Ron Karnehm and CGRM met with Virginia residents Mike Revell and his wife in Prince William County, Virginia and agreed to sell units at Coral Gardens and lease units at Coral Gardens while in Virginia. Affidavit of Mike Revell at ¶¶ 2, 4.

5.      Defendant Leann Karnehm sent Virginia resident Mike Revell an email from an email address with the coralgardens.com domain name, soliciting rental business. Mem. in Opp. at 9; Affidavit of Mike Revell at ¶ 12; Mem. in Opp., Exh. D (email from Leann Karnehm, 8/11/09).

6.      Virginia resident Mike Revell called a property reservation system for the property currently managed by Defendants. The person who answered the phone picked up by saying "Coral Gardens." Mem. in Opp. at 9; Affidavit of Mike Revell at ¶ 13.
Defendants argue that these acts are not sufficient to establish a *prima facie* case of either specific or general jurisdiction. The Court agrees.

First, the CGRM website cannot form the basis for personal jurisdiction. The CGRM website, which Strata alleges is accessible nationwide, provides toll-free numbers for customers to call to make reservations. Strata does not allege that the website is interactive in any way other than providing the toll-free number and "advertising" generally. Defendants argue that the website is not interactive and falls squarely into the category of websites that the Fourth Circuit has deemed insufficient to establish a *prima facie* case of personal jurisdiction.

6

A website that provides information, including toll-free phone numbers, is not sufficiently interactive to form a basis for personal jurisdiction. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 400 (4th Cir. 2003) (website that provided toll free numbers to potential donors not sufficient for court to exercise personal jurisdiction); *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002) ("a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted"). Therefore, the website does not establish Defendants' "presence" in Virginia sufficient to form a basis for general personal jurisdiction.

Similarly, Strata's general allegations are not sufficient to establish a *prima facie* showing of general personal jurisdiction. There are no allegations that Defendants maintain offices in Virginia, own property in Virginia, or conduct regular business in the Commonwealth. Strata alleges broadly that that Defendants market to the United States and Virginia generally, have contracted to sell units at Coral Gardens to Virginia residents, have contracted to lease units at Coral Gardens to Virginia residents, and have visited Virginia to conduct business related to sales of property at Coral Gardens. Mem. in Opp. at 4-5; Affidavit of Mike Revell at ¶¶ 2, 4. These allegations, based on the affidavit of one customer, are too vague to establish a *prima facie* case of general jurisdiction. *See Base Metal Trading, Ltd. V. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 214–15 (4th Cir. 2002) ("Base Metal simply cannot support jurisdiction in Maryland by making vague, unsubstantiated claims based on the affidavit of a former . . . employee"). Strata has failed to proffer sufficient facts from which the court can determine the substance and volume of Defendants' marketing and sales activities as they implicate Virginia or the United States and therefore cannot find that Strata has made a *prima facie* showing that Defendants' contacts with Virginia are "continuous and systematic," much less "fairly

7

extensive," as a finding of general personal jurisdiction requires. *Nichols*, 991 F.2d at 1199. Thus Strata has not alleged facts sufficient to establish a *prima facie* case of general jurisdiction.

The only possible remaining basis for finding personal jurisdiction over Defendants is through specific personal jurisdiction, which requires that Strata's claims arise out of Defendants' contacts with Virginia and those contacts are constitutionally sufficient.

Both parties cite and rely heavily on *CFA Institute v. Institute of Chartered Financial Analysts of India*, 551 F.3d 285 (4th Cir. 2009). In that case, the owner of a trademark brought an action against an Indian company for a Lanham Act violation and trademark infringement. The court found that it could exercise personal jurisdiction over the defendant and the Fourth Circuit affirmed. In its *de novo* analysis, the Fourth Circuit found that the court properly exercised specific personal jurisdiction because the claims arose from the Indian company's contacts with Virginia. Specifically, the Indian company had sent a representative to the plaintiff company located in Virginia in 1987 which directly led to the execution of the licensing agreement at the heart of the lawsuit; the defendant entered into a settlement agreement with the plaintiff Virginia company, an alleged breach of which also led to the lawsuit; and the Indian company "corresponded and collaborated" with the plaintiff Virginia company from the time of the execution of the licensing agreement until the disputes arose, demonstrating that the contacts between the Indian company the plaintiff Virginia company were "substantial and ongoing." *Id.* at 295–96.

Strata argues that Defendants' contacts with Virginia are analogous to the contacts the Indian company in *CFA* had with Virginia. Defendants contend, however, that their limited contacts with the Commonwealth are clearly distinguishable from the contacts by the Indian corporation in *CFA*. *CFA* is clearly distinguishable. In the present case, Defendants' alleged

contacts with Virginia did not directly involve Strata, are not alleged to have involved continuous "correspondence and collaboration" with the Commonwealth over an extended period of time, and did not directly lead to the present dispute.[2]

      *Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 594–95 (E.D. Va. 2003) is more analogous to this case.  In *Raju*, the plaintiff, a Virginia non-profit corporation, brought a lawsuit against an Indian corporation that allegedly infringed on plaintiff's domain name through defendant's website to sell plaintiff's copyrighted Graduate Management Admission Test ("GMAT") questions world-wide.  The defendant solicited orders of infringing materials from Virginia residents through his website, which contained ordering information for people in the United States; listed a testimonial from a Virginia resident on his website; registered the domain name with a company located in Virginia; and sold and shipped materials to at least two Virginia residents.  The court found that these facts did not form a basis for personal jurisdiction.  *Id.* at 594-95.  There was no evidence that the Indian company targeted Virginia and, the court found, the sales to the two Virginia customers involved minimal contact and were not alleged to have been ongoing and extensive (though the court noted it was a close question).  Similarly, the fact that one of the testimonials on the Indian company's website was written by a Virginia resident did not establish significant enough contacts with the Commonwealth.  These contacts were not "sufficient to put the defendant on notice that it was

---

[2] In the hearing on Defendants' motion, held on September 25, 2009,  Strata argued that two other cases, *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214 (4th Cir. 2002) and *Citigroup Inc. v. Malik*, No. 1:09cv1167, 2009 WL 874497 (E.D. Va. Mar. 24, 2009) support its position.  Both cases are inapposite, however.   Both were brought under the AntiCybersquatting Protection Act, 15 U.S.C. § 1125(d).  Cybersquatting actions have a distinguishable in rem jurisdiction analysis, as they involve the transfer of the infringing domain name from the registrar, a party in the action, to the plaintiff.  Here, the registrar is not a party, and no in rem jurisdiction analysis applies.

purposefully directing its activities at Virginia." *Id.* at 595 (internal citations omitted). Finally, as to the registration of the domain name in Virginia, the court noted "mere registration of the domain name with a company located in Virginia does not support personal jurisdiction in this state." *Id.* at 595.[3]

Here, as in *Raju*, Strata relies on the registration of the domain name in Virginia (though in this case, the domain name was not registered in Virginia at the time the Complaint was filed) and limited interactions with customers. The registration of the domain name is insufficient to confer personal jurisdiction. *Raju*, 241 F. Supp. at 595 (citing *Heathmount A.E. Corp. v. Technodome.com*, 106 F. Supp. 2d 860 (E.D. Va. 2000) and *America Online, Inc. et al. v. Huang*, 106 F. Supp. 2d 848, 856–57 (E.D. Va. 2000)).

Strata's allegations of Defendants' customer contacts with Virginia are similarly insufficient to confer personal jurisdiction. Strata's specific allegations relating to Defendants' customer contact in Virginia are: (1) Ron Karnehm's visit to Virginia to sell a Coral Gardens unit to the Revells; and (2) Leann Karnehm's email to the Revells, sent after the Complaint in this matter was filed. Neither contact is sufficient to establish personal jurisdiction.

First, Ron Karnehm's visit to the Revells occurred when he was still affiliated with the Strata approximately ten years ago[4] and cannot establish a basis for personal jurisdiction. First, the visit to Virginia did not give rise to the claims at issue in the lawsuit, as is required to

---

[3] After determining that plaintiff failed to establish personal jurisdiction under the Virginia long-arm statute, the court found that personal jurisdiction was appropriate under Fed. R. Civ. P. 4(k)(2), based on the defendant's aggregated contacts with the United States.

[4] Neither the Complaint nor the Revell affidavit states when Ron Karnehm visited Virginia to make the sale. In the hearing on Defendants' Motion to Dismiss, held on September 25, 2009, counsel for Strata stated that Ron Karnehm's visit to Virginia took place in the late 1990's, approximately ten years before the filing of the Complaint in this case.

establish specific personal jurisdiction. As counsel for Strata conceded during the hearing on

Defendants' Motion to Dismiss on September 25, 2009, Ron Karnehm's use of the "Coral

Gardens" name during that visit did not constitute any kind of violation nor did it give rise to any

of the claims in the Complaint. Second, that contact, which occurred approximately ten years

ago, is too attenuated to establish even general personal jurisdiction over Defendants. *Alpha Tau

Omega Fraternity v. Pure Country, Inc.*, 185 F. Supp. 2d 951, 957 (S.D. In. 2002) (defendant's

visit to Indiana more than ten years earlier constituted nothing but "the most attenuated personal

contact with the State"); *Sheridan v. Ascutney Mountain Resort Services, Inc.*, 925 F. Supp. 872

(D. Mass. 1996) (personal jurisdiction in Massachusetts inappropriate over defendant who

solicited plaintiff in Massachusetts ten years before injury occurred in Vermont).

Second, Leann Karnehm's single email to the Revells cannot establish personal

jurisdiction because it was sent after Strata filed its amended Complaint on July 31, 2009. *See*

Mem. in Opp., Exh. D (Email of Leann Karnehm) (email sent August 11, 2009). Contact with a

forum that occurs after the filing of a complaint cannot establish personal jurisdiction. *Rice v.

Karsch*, 154 Fed. Appx. 454, 462, 2005 WL 3046321, *8 (6th Cir. 2006) ("the Court finds that

actions taken or communications sent by a defendant *after* the filing of a Complaint . . . should

not, as a matter of law, be considered when determining whether the Defendant had

'purposefully availed' himself of the privilege of acting on said jurisdiction") (emphasis in

original); *Exxon Chemical Patents, Inc. v. The Lubrizol Corp.*, 935 F.2d 1263, 1266 (Fed. Cir.

1991) (Newman, P., *concurring*) ("a complaint flawed by absence of jurisdiction cannot be cured

by amendment based on events that occurred after the complaint was filed"); *Gonzalez Corp. v.

Consejo Nacional De Produccion de Costa Rica*, 614 F.2d 1247, 1254 (defendant's "visit

occurred after the filing of the complaint in this action so it cannot establish personal

jurisdiction"); *Duravest, Inc. v. Viscardi*, 581 F. Supp. 2d 628, 639 (S.D.N.Y. 2008) (contacts that "occurred *after* the Complaint was filed . . . are therefore irrelevant to this [personal jurisdiction] inquiry") (emphasis in original); *Brunson v. Kalil & Co.*, 404 F. Supp. 2d 221, 236 (D.D.C. 2005) ("This Court can find personal jurisdiction based only on the acts that had occurred at the time the Complaint was filed, not those acts occurring after Plaintiff filed her Complaint"). Thus, none of the facts alleged in the Complaint or briefing papers alleges contacts with Virginia that gave rise to any claims in the Complaint to establish specific personal jurisdiction.

Accordingly, Strata has failed to prove a *prima facie* case of general or specific personal jurisdiction over Defendants under the Virginia long-arm statute.

### 2. Personal Jurisdiction Under Fed. R. Civ. P. 4(k)(2)

When the court finds that the long-arm statute does not authorize the court to exercise personal jurisdiction, then, and only then, the court will determine whether personal jurisdiction may be conferred under Fed. R. Civ. P. 4(k)(2). *CFA Institute*, 551 F.3d at 292 (4th Cir. 2009).

Under Fed. R. Civ. P. 4(k)(2), personal jurisdiction over a foreign defendant in a case arising under a federal law may be appropriate if: (1) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (2) exercising jurisdiction is consistent with the United States Constitution and laws.

Although Strata cites the rule, Strata has not argued that jurisdiction is appropriate under Fed. R. Civ. P. 4(k)(2). In the hearing on Defendants' motion to dismiss on September 25, 2009, counsel for Strata conceded that Strata did not argue for a finding of personal jurisdiction under Rule 4(k)(2). Nevertheless, the court may find jurisdiction pursuant to Rule 4(k)(2) if it were appropriate. *Raju*, 241 F. Supp. at 599-600.

First, the Court must determine whether Defendants are subject to jurisdiction in any other state. Strata contends that "If the Defendants [sic] attempts to hijack the 'Coral Gardens' name cannot be stopped in Virginia and the US Trademark protected here, there is no place where the US trademark may be enforced." Mem. in Opp. at 17. From this statement, the Court can infer that Strata believes the Defendants are not subject to jurisdiction anywhere else. "The plaintiff is not required to prove lack of jurisdiction in every state." *Monster Cable Prods., Inc. v. Euroflex S.R.L.*, No. 08-3338, 2009 WL 2051422, *4 (N.D. Cal. July 10, 2009). Instead, this factor is met if the defendant does not identify another state court in which the suit could proceed. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). Counsel for Defendants would not concede that no other state has jurisdiction over them during the hearing on Defendants' motion on September 25, 2009, but did not identify any state court where Defendants would be subject to personal jurisdiction. Assuming, *arguendo*, that the Court could find that Defendants are not subject to jurisdiction anywhere in the United States, Strata would still have to show that jurisdiction was constitutionally appropriate. Specifically, Defendants' "contacts with the United States as a whole [must] support the exercise of jurisdiction consistent with the Constitution and the laws of the United States." *Silver Ring Splint, Co. v. Digisplint, Inc.*, 508 F. Supp. 2d 508, 514 (W.D. Va. 2007) (quoting *Base Metal Trading, Ltd.*, 283 F.3d at 215)). The analysis "depends on whether [Defendants'] actions were purposefully directed at the United States." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).

Here, jurisdiction is not appropriate under Rule 4(k)(2). Strata has alleged no additional facts relating to the Defendants' aggregate contacts with the United States beyond those that it alleged in connection with its claims relating to Defendants' contacts with Virginia. *See*

*Technology Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 918 (D. Md. 2008) ("Contacts with the U.S. are essentially the same as those for the state . . . except on a larger scale, and since the same due process limitations do not permit jurisdiction in Maryland, it follows that jurisdiction is not proper for the U.S. as a whole."). Therefore, Strata has not made a *prima facie* showing that jurisdiction is appropriate under Rule 4(k)(2), and the motion to dismiss should be granted.

### 3.    Request for Jurisdictional Discovery

Strata requests that if the Court finds it has not established a *prima facie* showing of personal jurisdiction, the Court order jurisdictional discovery to allow Strata to discover facts that could form a basis for personal jurisdiction over Defendants.  Strata has not provided sufficient grounds for ordering jurisdictional discovery, however.  The Court has been presented with nothing other than speculation to justify jurisdictional discovery, even though Strata has dealt extensively with at least some of the Defendants for years. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 402 (4th Cir.2003) (where the plaintiff "offers only speculation or conclusory assertions" jurisdictional discovery is properly denied). Therefore, Strata's request for jurisdictional discovery is denied.

### B.    *Forum Non Conveniens*

Because the Court finds that it cannot assert personal jurisdiction over Defendants, the Court will not address Defendants' alternative grounds for dismissal, *forum non conveniens.*

## IV. CONCLUSION

For the above reasons, Defendants' Motion to Dismiss All Counts of the Complaint

Against All Defendants on Grounds of Lack of Personal Jurisdiction and Forum Non Conveniens

is granted and Plaintiff's Complaint is dismissed.

An appropriate Order will issue.

_____/s//_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
October 16, 2009